Nicastro *v.* Nicastro, Appellant.

Argued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Alexander Schamban*, with him *D'Agui & Del Collo*, for appellant.

*Jerome E. Ornsteen*, with him *Ornsteen & Lunine*, for appellee.

OPINION BY MONTGOMERY, J., September 16, 1965:

This appeal arises from cross actions for divorce, the first of which was filed by the husband-appellee whereby he sought an absolute divorce on the grounds of indignities to his person, and the second was filed by the wife-appellant who sought a divorce a.m.e.t. on

the grounds of abandonment, cruel and barbarous treatment, indignities and adultery. The two actions were consolidated for trial before a master who filed a comprehensive report in which he made separate findings in each proceeding and recommended that a divorce a.v.m. be granted to the husband and the wife's complaint be dismissed. The lower court approved the master's report, dismissed the wife's action and entered a final decree in favor of the husband. The wife appeals from the entry of this decree. No appeal was taken from the dismissal of the wife's action.

After reviewing the entire record de novo giving the highest consideration to the master's report on the matter of credibility of witnesses, we reach the same conclusion as the master and the lower court. Therefore, we affirm the decree a.v.m. in the husband's action.

Without reciting the facts demonstrated by the evidence, we need say only that the husband met the burden the law imposes on all such complainants by establishing that he had been subjected to a course of conduct by the wife which rendered his life burdensome and his condition intolerable and that the wife failed to establish that her husband had committed the acts with which she charged him, i.e., desertion or abandonment, cruel and barbarous treatment, adultery, or indignities.

The evidence is sufficient to satisfy the definition of indignities, i.e., vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility and other manifestations of settled hate and estrangement, Patton v. Patton, 183 Pa. Superior Ct. 468, 132 A. 2d 915 (1957), and to establish that appellee was an innocent and injured party.

Decree affirmed.